# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY REID | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 C 01975 |
| v. | ) |
| | ) |
| CHICAGO HOUSING AUTHORITY; | ) Judge John J. Tharp, Jr. |
| the WALSH CONSTRUCTION | ) |
| COMPANY; and DEMOS PAINTING | ) |
| AND DECORATING, INC. | ) |
| | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly Reid is an African American resident of Altgeld Gardens, a public housing development in Chicago. In 2012, Reid filed a complaint in federal court alleging that she suffered discrimination on the basis of her race and sex by the Chicago Housing Authority ("CHA"), Walsh Construction Company, and Demos Painting and Decorating, Inc. Following this Court granting the defendants' motions to dismiss (Dkt. 56), Reid filed an amended complaint, which is now the subject of a second round of motions to dismiss. For the reasons discussed below, the defendants' motions to dismiss (Dkt. 58, 62)[1] are granted and the amended complaint is dismissed in its entirety.

## I.     BACKGROUND[2]

---

[1] Demos and the CHA join Walsh's motion to dismiss. (Dkt. 65, 67, 71).

[2] The Court will refrain from repeating all of the background detail that it set forth in its March 28, 2013 opinion. Nevertheless, the following facts are the most relevant to the Court's consideration of the pending motions.

The Chicago Housing Authority owns and operates Altgeld Gardens. Walsh is a private construction company that contracted with the CHA for construction work on Altgeld Gardens between 2009 and 2010. Demos was a subcontractor on the project.

Reid, an African American woman and resident of Altgeld Gardens, claims that from 2009 to early 2010, she sought employment from Walsh and Demos to be a painter at Altgeld Gardens, but she was rejected because of her race and sex in violation of 42 U.S.C. § 1981. Am. Compl. (Dkt. 57) ¶¶ 1, 6. Reid specifies that she was "subjected to different treatment" by Walsh and Demos, "she was denied jobs that were given to white and male employees," and that she was denied "job referrals." *Id.* ¶ 12. She adds that these actions were intentional and "for the purpose of passing over the Plaintiff and other [African American] Altgeld Garden residents … and [based on] the personal observation of Plaintiff, [Walsh and Demos hired] few workers who were African Americans." *Id.* ¶¶ 12, 16. Reid further alleges that she complained to the CHA, Walsh, and Demos about her treatment, as well as to the Altgeld Gardens Local Advisory Council. *Id.* ¶ 7. She adds that Walsh and Demos then retaliated against her by failing to provide Reid with certain letters regarding Reid's employment and by denying her employment as a priority hire. *Id.* ¶¶ 12, 18.

In this Court's March 28, 2013 opinion, the Court dismissed all of Reid's claims against the defendants. Specifically, the Court dismissed Reid's claim under the Housing and Urban Development Act of 1968, 12 U.S.C. § 1701u(c)(1)(A), with prejudice because the statute contains no individual right to bring a claim for relief. The Court also dismissed Reid's Title VII claim with prejudice because Reid failed to exhaust her administrative remedies and it was too late to do so; she filed a claim with the EEOC but never received a "Right to Sue" letter. Last, the Court dismissed Reid's § 1981 claim *without* prejudice for failure to state a claim; the Court

noted that Reid "could conceivably allege additional facts to establish a *prima facie* case of discrimination under § 1981 …." Mem. Op. at 9. The Court subsequently granted Reid leave to file an amended complaint. Reid's amended complaint contains claims against the CHA, Walsh, and Demos for discrimination and retaliation in violation of § 1981.[3]

II.     DISCUSSION

The defendants set forth various arguments in support of dismissing Reid's amended complaint in its entirety. All three defendants argue that Reid lacks standing to bring claims on behalf of others, that Reid has failed to state a claim of discrimination under § 1981, and that Reid has failed to state a claim of retaliation under § 1981. The Court will consider each of these arguments in turn.[4]

---

[3] In her amended complaint, Reid also attempts to make a claim for discrimination on the basis of sex under Section 1981. *See, e.g.,* ¶ 12 ("Plaintiff Reid alleges she was subjected to different treatment by Defendant Walsh and Defendant Demos because of her race and sex"). That is not possible; Section 1981 is reserved for discrimination on the basis of race. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts."); *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011) ("Title VII … prohibits both race and sex discrimination … in the employment context, whereas section 1981 prohibits race discrimination in the making and enforcing of contracts."). As discussed, Reid's original claim under Title VII was dismissed in this Court's March 28, 2013 opinion because Reid failed to exhaust her administrative remedies. *See* Mem. Op. at 10-11. Reid's response to the defendants' current motions to dismiss refers only to her race discrimination claim. Pl. Resp. (Dkt. 72) at 6.

[4] Walsh also argues that Reid does not have an individual right to bring a claim under Section 3 of 12 U.S.C. § 1701u, but the Court already ruled on that issue in its March 28, 2013, opinion. *See* Mem. Op. (Dkt. 56) at 4-5 (dismissing Reid's claims under 12 U.S.C. § 1701u with prejudice because there is no enforceable individual right under the statute). Further, Walsh argues that certain of Reid's allegations are time-barred. The Court has also ruled on that issue already; Reid filed her original complaint within the two-year statute of limitations for her § 1981 claim as to her allegation concerning the March 19, 2010 letter in which Walsh and Demos indicated that they were not hiring Reid for any position. *See* Mem. Op. at 7. As to her other allegations, the Court stated that it could not determine at that time which portions of Reid's claim might be untimely, "but it is clear that at least some of the conduct Reid alleges took place within two years of when she filed her complaint, [so] her complaint will not be

As an initial matter, Walsh has attached to its brief in support of its motion to dismiss several exhibits reflecting letters between the defendants and third parties regarding Reid's employment. In general, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). Federal Rule of Civil Procedure 10(c), however, permits certain documents attached to Rule 12(b)(6) motions to be considered, such as "if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (citation omitted). The Court may consider Walsh's exhibits without converting its motion into one for summary judgment because Reid refers to the letters in her complaint and they are indeed central to her claims, at least from her point of view. *See Burke*, 714 F.3d at 505. The Court, however, "is not bound to accept [Reid's] allegations as to the effect of the exhibit[s], but can independently examine the document[s] and form its own conclusions as to the proper construction and meaning to be given the material." *Id.*

### A. Reid Lacks Standing to Bring Claims on Behalf of Others.

Reid does not expressly purport to bring claims on behalf of any other persons and the Court does not read her amended complaint to attempt to do so. Nevertheless, there are isolated references that could be read to suggest the assertion of a claim on behalf of others (*see, e.g.,* ¶¶ 16 and 21). To the extent Reid is still attempting to bring her claims on behalf of others, including other African American residents of Altgeld Gardens, *see* Am. Compl. ¶ 16, she may not do so as a *pro se* plaintiff and as a non-lawyer. *See Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (a *pro se* plaintiff is "free to represent himself, but as a non-

---

dismissed on statute of limitations grounds." *Id.* at 7-8. The Court faces the same situation now; at least some of the conduct Reid alleges is not time-barred; consequently, the Court will not dismiss her amended complaint on statute of limitations grounds.

lawyer he has no authority to appear as [another's] legal representative"). The Court will therefore construe Reid's claims as on behalf of herself only; to the extent that Reid alleges claims on behalf of other individuals, those claims are dismissed without prejudice.

### B. Reid Fails to State a Claim of Discrimination under § 1981 against the CHA, Walsh, and Demos.

Reid fails to state a claim of discrimination under § 1981 against any of the three defendants. 42 U.S.C. § 1981 states, in relevant part:

> All persons within the jurisdiction of the United States shall have the same right … to make and enforce contracts … and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens …

To state a *prima facie* claim for relief under § 1981, Reid must show that (1) she is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of her race; and (3) the discrimination concerned the making or enforcing of a contract. *See Pourghoraishi*, 449 F.3d 751, 756 (7th Cir. 2006) (citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).

Taking the last prong first, the defendants argue that because Reid never had an employment contract with any defendant, she cannot show that the alleged discrimination concerned the making or enforcing of a contract. Reid never had an employment contract, or a potential employment contract, with the CHA, so her claim fails under the third prong as to the CHA. As to Walsh and Demos, however, the Supreme Court held in *Domino's Pizza, Inc. v. McDonald* that "[a]ny claim brought under § 1981 … must initially identify an impaired 'contractual relationship,'… [but] [s]uch a contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts." 546 U.S. 470, 476 (2006); *see also Smiley v. Columbia Coll. Chi.*, 714 F.3d 998, 1002

(7th Cir. 2013) ("Section 1981 prohibits race discrimination in the making and forming of contracts"). Since Reid alleges, in essence, that racial discrimination "block[ed] the creation of a contractual relationship" with Walsh and Demos and since Reid would have rights under that proposed contractual relationship, Reid has not failed to establish the third prong on this ground. *See Domino's*, 546 U.S. at 476.

However, Reid has not cured the fundamental deficiency in her original complaint; she has not asserted facts that plausibly allege that the defendants had the intent to discriminate against her on the basis of her race.

*CHA*: Reid alleges that the CHA "knew about, and [/] or were informed about" the alleged discrimination by Walsh and Demos. Am. Compl. ¶ 14. This allegation is not sufficient to state a plausible claim that the CHA intended to discriminate against Reid. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 396-97 (1982) ("[Congress] did not intend to make [employers and associations] the guarantors of the workers' rights as against third parties who would infringe them."). Moreover, Reid's allegations against the CHA are vague and conclusory. In sum, she alleges only that the CHA was aware of her alleged treatment by Walsh and Demos. That allegation falls short of the required "short and plain statement of the claim showing that the pleader is entitled to relief." Mere knowledge that someone else was discriminating against the plaintiff does not make one liable for that discrimination. *See, e.g., Shah v. Littelfuse, Inc.*, No. 12 C 6845, 2013 WL 1828926, at *8 (N.D. Ill. Apr. 29, 2013) (holding that plaintiff's allegation that defendant was aware of harassment and failed to take steps to ameliorate it was insufficient under Section 1981); *Miller v. Chicago Housing Auth.*, 11 C 8625, 2012 WL 2116190, at *4 (N.D. Ill. June 8, 2012) (holding that plaintiff failed to state a claim under Section 1981 where complaint merely alleged that defendants were aware that

plaintiff was being discriminated against and did nothing to remedy situation). In other words, even if the CHA was aware of Walsh and Demos' alleged actions against Reid, the CHA cannot be held liable under Section 1981 merely on that basis and without additional factual allegations of intentional discrimination.

*Walsh and Demos*: Reid has also failed to state a plausible claim that Walsh and Demos intended to discriminate against her on the basis of her race. Reid does state in her amended complaint that Walsh and Demos' acts were "intentional," "deliberate," "for the purpose of passing over the Plaintiff," and "for the purpose of continuing to deny the Plaintiff equal employment opportunities." Am. Compl. ¶¶ 12, 16, 18, 19. Reid's few factual allegations, however, are too vague to make those conclusory allegations plausible. She alleges, for example, that she "suffered employment discrimination because of her race and as a result [] was denied the same employment contract[] rights that [Walsh] and [Demos] provided to white employees," and that she "was subjected to different treatment … when she was denied jobs that were given to white and male employees," but she fails to allege any facts from which one can infer that such employees were hired instead of her because of her race; the mere fact that an employee of one race is hired rather than an employee of another race does not, without more, warrant an inference of racial discrimination. *See, e.g., Duviella v. Jetblue Airways,* 353 Fed. Appx. 476, 478 (2d Cir. 2009) ("the fact that the promotions in question were given to younger people of a different race is not sufficient, standing alone, to allow [plaintiff] to carry his ultimate burden of proving discrimination"). Was Reid as experienced as those who were hired? Was she as skilled? What was her track record of performance in other jobs? The amended complaint provides no fact basis to answer any of these questions in Reid's favor, which means that it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly,* 550 U.S. at 557.

7

"It is not the law that if two candidates for a position, a white and a black, are qualified, and the white gets the position, the black is entitled to a trial on a complaint of discrimination merely because the reasons given by the employer for appointing the white *might* be phony ones." *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 366-67 (7th Cir. 1983).

Further, Reid's allegations related to various letters between the defendants regarding her employment do not demonstrate discrimination on the basis of her race, nor does she allege so; Reid instead alleges that she was not given an opportunity to respond to what she perceived as allegations against her in those letters. Am. Compl. ¶¶ 8-9, 18. In her response to the defendants' motions, Reid further states that her allegations are based on "personal observations" and "interaction[s]." Pl. Resp. at 6. These references are also insufficient—without more—to support a claim for discrimination.[5]

### C. Reid Fails to State a Claim for Retaliation by the CHA, Walsh, and Demos.

Finally, Reid fails to state a claim for retaliation. Reid has not presented direct—or any—evidence of a statutorily protected activity, a materially adverse action taken by an employer, or a causal connection between the two, as required under the direct method. *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 404 (7th Cir. 2007) (stating test for direct method of proof for retaliation under Section 1981). Nor has Reid shown that after opposing an employer's discriminatory practice, she was the only employee subjected to a materially adverse action even

---

[5] Reid further responds that even if Walsh was not directly involved in the decision to deny her employment—*i.e.*, to allegedly discriminate against her—Walsh "had considerable influence over subcontractors working for [it]." Pl. Resp. (Dkt. 72) at 10. To the contrary, "a principal normally will not be liable for the tortious conduct of an independent contractor." *Gen. Bldg. Contractors*, 458 U.S. at 396 (also stating an exception to the common-law rule if there is a non-delegable duty imposed upon the principal, but § 1981 does not impose a non-delegable duty).

8

though she was performing her job in a satisfactory manner, as required by the indirect method. *Id.* (stating test for indirect method of proof for retaliation under Section 1981). There is no job at issue here, no employer to speak of, no adverse actions, and no alleged statutorily protected activity. Consequently, Reid has failed to state a claim for retaliation under § 1981.

\*   \*   \*

For the reasons set forth above, the defendants' motions to dismiss [58] and [62] are granted and the amended complaint is dismissed in its entirety.

Entered: July 10, 2014

John J. Tharp, Jr.
United States District Judge